**E-FILED**
Thursday, 26 August, 2010  02:28:58 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| **MINOR T.G., a minor student, by**<br>**Mr. & Mrs. T.G.,**<br>**as Parents & Next Friend, and Each**<br>**Individually,**<br><br>   **Plaintiffs,**<br><br>**v.**<br><br><br><br><br>**MIDLAND SCHOOL DISTRICT 7,**<br>**& ILLINOIS STATE BOARD OF**<br>**EDUCATION, ET. AL.**<br><br>   **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.:  09 CV 1392
District Judge Joe Billy McDade
Magistrate Judge John A. Gorman

### MIDLAND SCHOOL DISTRICT NO. 7'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
### COUNTS IV, V AND VI AND TO STRIKE PORTIONS OF
### PLAINTIFFS' THIRD AMENDED COMPLAINT

## I.  INTRODUCTION

Plaintiffs' Third Amended Complaint ("Complaint") was filed on July 20, 2010, alleging various claims against the Board of Education of Midland School District No. 7, Marshall County, Illinois ("District"), and the Illinois State Board of Education ("ISBE").  Count  IV  of the Complaint alleges that the District discriminated against Minor T.G. due to her disabilities; Count V of the Complaint alleges that the District retaliated against Mr. and Mrs. T.G. because of their advocacy for T.G.; and, Count VI of the Complaint alleges the District deprived Mr. and Mrs. T.G. of their first amendment right to freedom of speech through retaliation.  None of these counts state a claim upon which relief can be granted because Plaintiffs have failed to allege

facts that would entitle them to relief.  For this reason, this Defendant has moved to dismiss all three counts.

In addition, Paragraphs 58-85 and 122 as well as Exhibit 3 of the Complaint set forth alleged facts that the District discriminated and retaliated against T.G. and her family in 2002-2003 and 2005-2006.  The Court, therefore, should strike paragraphs 58-85 and 122 as well as Exhibit 3 of the Complaint because they are time-barred, and thus immaterial.

## II.    ARGUMENT

### A.    STANDARD OF REVIEW - MOTION TO DISMISS COUNTS IV, V and VI

A motion to dismiss brought under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* tests the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6); see Adams v. Cavanagh Communities Corp., 847 F.Supp. 1390, 1396 (N.D.Ill. 1994).  The complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory."  Carl Sandburg Vill. Condo. Ass'n No. 1 v. First Condo. Dev. Co., 758 F.2d 203, 207 (7th Cir. 1985).  The court may grant a motion to dismiss if "it is clear that the plaintiff can prove no set of facts consistent with her allegations that would entitle her to relief."  Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999).  That standard is met in this case.

### B.    COUNTS IV, V AND VI FAIL TO STATE A SECTION 1983 CLAIM AGAINST THE DISTRICT

#### 1.    Plaintiffs fail to plead that an official policy or custom was discriminatory.

The Court should dismiss Counts IV, V and VI because Plaintiffs are unable to establish any discriminatory intent or governmental policy or custom to discriminate by the District.  The

District is a public body organized and operated pursuant to the Illinois *School Code*.   105 Ill.Comp.Stat. 5/1-1 <u>et</u>. <u>seq</u>.

Because the District is a public body, Plaintiff must establish that the District's "official policy or custom was discriminatory" in order to hold the District liable under Section 1983. <u>Juniel v. Park Forest-Chicago Heights School Dist. 163</u>, 176 F.Supp.2d 842, 848 (N.D. Ill. 2001) (citing <u>Monell v. Dep't of Soc. Services of the City of New York</u>, 436 U.S. 658 (1978)).   "A 'custom' or 'policy' can take one of three forms: (1) an express policy . . . (2) a widespread practice that, although not authorized by written laws or express municipal policy, is so permanent and well-settled as to constitute "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."   <u>Id.</u> at 848-49.   In addition, a "single incident of a constitutional deprivation is insufficient to meet the <u>Monell</u> standard."   <u>Wilson v. Cahokia School Dist. 187</u>, 470 F.Supp.2d 897, 906 (S.D. Ill. 2007) (citing <u>Ekergren v. City of Chicago</u>, 538 F.Supp. 770, 773-774 (N.D. Ill. 1982)).   In this case, Plaintiffs fail to plead that any such policy or custom existed.   Nor do they allege official action by the District or by a person with final policymaking authority.   As a matter of law, therefore, Plaintiff is unable to establish that the District had the requisite discriminatory "custom" or "policy" to support a Section 1983 cause of action.   Accordingly, Counts IV, V and VI must be dismissed

### 2.   Count IV must be dismissed because any alleged discriminatory or retaliatory conduct resulted in *de minimis* harm.

In Count IV, Plaintiffs argue that the District discriminated against T.G. because of her disability and retaliated against T.G. by performing frequent head lice checks on her and

delaying her access to a drivers' education course.  (Pl. Compl., ¶¶ 122, 128, 180, 184).[1]  Even if this were true, Plaintiffs are not entitled to relief because any harm suffered by T.G. was *de minimis*.

For retaliation claims outside of the employment context, the plaintiff must show "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights."  Toronyi v. Barrington Community Unit Sch. Dist. No. 220, 2005 WL 388568, 4-5 (N.D. Ill. 2005); see also Bloch v. Ribar, 156 F.3d 673, 678 (6th Cir. 1998).

The plaintiff must allege that an injury which is more than trivial in nature actually occurred.  Toronyi, 2005 WL 388568, 5.  In Toronyi, a parent filed suit against a school district claiming among other items that the school district retaliated against her first amendment right to freedom of speech by requiring her to wait twenty to thirty minutes after school ended to pick up her child from school, in keeping with the district's student pick-up policy.  Id.  The court found that this alleged retaliatory conduct was trivial and thus did not rise to the level of an actual injury.  Id.  Indeed, the court found that even if the district did not enforce its student pick up policy with all parents, the fact that it did enforce the policy with this particular parent was not retaliatory conduct.  Id.

---

[1]   In addition to their legal insufficiency, these claims are also factually untrue, as Defendant would demonstrate if these counts are not dismissed.  The evidence would demonstrate that:  (1) T.G. was checked for head lice because she had a history of head lice infestation; (2) no head lice checks were conducted after the parents filed their complaint for due process; (3) any delay in T.G. completing a drivers' education class was a result of the parents' decision to keep T.G. out of school; and, (4) the District allowed T.G. to  make-up the missed drivers' education class time and obtain full credit during the same semester, resulting in no injury.

Similarly, courts have found that "not every unnecessary discomfort inflicted upon a [person] is a constitutional injury." Mitchell v. Fairman, et al., 1996 WL 420294, 6 (N.D. Ill. 1996)(citing Hudson v. McMillan, 503 U.S. 1 (1992)).   In Mitchell, a prisoner filed a Section 1983 claim against the employees of Cook County alleging that they violated his constitutional rights by failing to immediately take him for medical treatment following an altercation with another inmate.  Id.  Once taken for medical care, it was determined that the prisoner had a broken leg.  Id.  The court found that any alleged postponement of treatment was *de minimis* and did not result in a constitutional injury sufficient to survive the defendants' motion to dismiss.  Id.

In this case, assuming *arguendo* that T.G. was engaged in constitutionally protected activity and that the District had subjected T.G. to head lice checks and delayed her access to a drivers' education class at least in part as a response to T.G.'s disability, Plaintiffs fail to plead any actual constitutional injury.  Similar to Toronyi and Mitchell, T.G.'s alleged injuries – the head lice checks on T.G. and a delay in completing a drivers' education course – are *de minimis* and do not rise to the level of a constitutional injury.

Head lice checks, which are a visual screening of a child's head and are not invasive in nature, are performed on thousands of school children every year and conducting such a screening would not chill an ordinary person from engaging in constitutionally protected acts.  In fact, Section 10-21.11 of the Illinois *School Code* mandates that Illinois school districts develop policies and adopt rules regarding the manner in which children with chronic infectious diseases will be managed.   105 Ill.Comp.Stat.5/10-21.11.   These policies "must include evaluation of students with a chronic infectious disease on an individual case-by-case basis."  Id.  Head lice, also known as *pediculus capitis*, is a chronic infectious disease.  As such, the District's policy

and rules regarding head lice checks is required by law and is not related to T.G.'s disability or any actions of advocacy undertaken by T.G.'s parents.  (See Defendant's Exhibit 1).

In addition, any delay that may have occurred in T.G.'s ability to complete the drivers' education class was *de minimis* at best.  The parties entered into a Resolution Agreement on November 13, 2007, in which the parties agreed to allow T.G. to make-up the necessary class time despite her numerous absences, with all accommodations called for in her IEP.  (See Defendant's Exhibit 2).

As Toronyi and other cases make plain, an actual, cognizable injury must be alleged in a complaint under Section 1983.  If it is not, the complaint should be dismissed.  In the present case, no actions other than a check for head lice and a delay in completion of a class are alleged. Plaintiffs, therefore, fail to allege a sufficient constitutional injury in Count IV and it must be dismissed.

> **3.  Counts V and VI also must be dismissed because any alleged discriminatory or retaliatory conduct resulted in *de minimis* harm.**

In Count V, Plaintiffs argue that the District discriminated against T.G.'s parents for their advocacy efforts by performing frequent head lice checks on T.G. before and after the Plaintiffs filed their due process complaint and by mentioning their full name during a Board of Education meeting and in a supporting PowerPoint presentation resulting in unspecified economic and non-economic losses.  (Pl. Compl., ¶¶ 126, 127, 188-192).  Even if this were true, Plaintiffs are not entitled to relief because any harm suffered by T.G.'s parents was *de minimis*.

In this case, assuming *arguendo* that T.G.'s parents had been engaged in constitutionally protected activity and that the District had subjected T.G. to head lice checks and mentioned the parents' names at a Board of Education meeting at least in part as a response to the parents' advocacy efforts, Plaintiffs fail to plead any actual constitutional injury in Count V.  As set forth

above, the head lice checks on T.G. are *de minimis* and do not rise to the level of a constitutional injury.

In addition, the Plaintiffs cannot claim a constitutional injury regarding the "publication" of their full names during a Board of Education meeting on December 21, 2009, because the parents' names, T.G.'s name and the fact that a lawsuit was filed by Plaintiffs was already public knowledge.  The local newspaper ran an article disclosing the existence of the lawsuit, the names of the parents, and the name of the minor child well before the Board of Education meeting and the posting of the PowerPoint on the District's website.  (See Defendant's Exhibit 3).  Thus, no disclosure occurred at the Board of Education meeting.  Count V, therefore, fails to allege an actual, cognizable constitutional injury and must be dismissed.

For the same reasons set forth above, Count VI must also be dismissed.  In Count VI, Plaintiffs argue that the District retaliated against T.G.'s parents by depriving them of their first amendment right to freedom of speech by publicly naming and blaming them for a tax levy increase at the December 21, 2009, Board of Education meeting.  (Pl. Compl., ¶¶ 193-203).[2]  As discussed above, the full names of the Plaintiffs and the fact that a lawsuit was filed against the District on their behalf became public knowledge when the local newspaper divulged such information.  (See Defendant's Exhibit 3).  Furthermore, the District is alleged to have stated publicly the need for reserves due to pending litigation with the family.  This is simply a statement of financial reality which cannot constitute a chilling of first amendment rights.  These actions, therefore, cannot constitute a deprivation of the right to freedom of speech.  Once again,

---

[2] We further note that paragraphs 196 and 197 in Count VI contain references to acts that have occurred "since 2002."  As discussed below in Section C of this Memorandum, any alleged acts that occurred more than 2 years before the commencement of this cause of action should be stricken as time-barred, and thus immaterial.

Plaintiffs fail to allege an actual constitutional injury; therefore, Count VI of the Complaint must be dismissed.

> **4.      Count IV, V and VI lack sufficient substance to support federal jurisdiction.**

Plaintiffs must also plead substantial constitutional claims to support this Court's subject matter jurisdiction over those claims.  See Hagans v. Levine, 415 U.S. 528 (1974).  A claim is unsubstantial if it is either obviously without merit or is unsound.  Id. at 537 (citations omitted). In such a situation, the "substantiality doctrine" precludes a federal court from retaining subject matter jurisdiction over the issue resulting in the dismissal of those claims.

In this case, Plaintiffs' allegations that the District discriminated against T.G. because of her disability by performing head lice checks and by delaying her ability to complete a drivers' education course is without merit.  Likewise, Plaintiffs' allegations that the District retaliated against T.G.'s parents for their advocacy efforts and their public speech regarding the District by performing head lice checks on T.G. and by "publishing" their names at a Board meeting and in an accompanying PowerPoint presentation are also without merit.  Counts IV, V and VI, therefore, are not substantial constitutional claims and must be dismissed for lack of subject matter jurisdiction.

## C.      PORTIONS OF PLAINTIFFS' COMPLAINT ARE TIME-BARRED

Federal courts borrow the state statute of limitations for personal injury claims in actions brought under Section 1983.  Williams v. Lampe, 399 F.3d 867, 870 (7th Cir. 2005).  A two-year statute of limitations generally applies to personal injury actions in Illinois, 735 Ill.Comp.Stat.5/13-202; thus, Section 1983 claims in Illinois are also governed by a two-year limitations period.  Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004).  Claims brought pursuant to Section 1983 begin to accrue when the plaintiff knows or should have known that her

constitutional rights had been violated.  Id.  Generally, courts undertake a fact-intensive inquiry to determine when a plaintiff knew or should have known that her rights had been violated.  Id. at 697.

Here, paragraphs 58-75 and 122 as well as Exhibit 3 of Plaintiffs' Complaint allege facts that occurred in 2002 and 2003; accordingly, any alleged discriminatory or retaliatory acts occurring during this time period are subject to the two-year statute of limitations for personal injury actions in Illinois.  Plaintiffs' claims accrued no later than 2003 as Plaintiffs themselves admit in their Complaint.  (Pl. Compl. ¶¶ 63-75 (stating that the Plaintiffs thought they were being discriminated and retaliated against so they contacted the Illinois Attorney General's Office; and, stating that Plaintiffs believed the alleged discrimination had ceased.); see also Pl. Compl. ¶ 122 and Exhibit 3 (referencing an alleged action from October 2003)).  Thus, the statute of limitations ran on those claims in 2005, well before the present complaint was filed.

Similarly, paragraphs 76-85 are also time-barred as they allege facts that occurred in 2005 and 2006.  Plaintiffs' claims accrued no later than 2006 as Plaintiffs themselves admit in the Complaint.  (Pl. Compl. ¶ 85 (stating the parents have been in contact with the Attorney General's office since 2002)).  These claims expired in 2008, two years after the alleged act of discrimination.  Thus, these claims are also time-barred.  To the extent that Counts IV, V and VI are based on any of these allegations, those counts should be dismissed on that basis as well.  Furthermore, because paragraphs 58-85, paragraph 122 and Exhibit 3 refer only to time-barred matters, they are immaterial to the present complaint and should therefore be stricken, pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

### III.    CONCLUSION

For the reasons stated above, Plaintiffs have failed to state claims in Counts IV, V and VI upon which relief may be granted.  In addition, Plaintiffs allegations in paragraphs 58 through 85 and 122 and Exhibit 3 are time-barred.  Accordingly, the Defendant prays that this Honorable Court enter an order, with prejudice, dismissing Counts IV, V and VI of Plaintiffs' Third Amended Complaint, and striking paragraphs 58 through 85, paragraph 122 and Exhibit 3.

Respectfully Submitted,

BOARD OF EDUCATION OF
MIDLAND SCHOOL DISTRICT NO. 7

By: /s/ Lori G. Martin_____
        One of its Attorneys

Nancy Fredman Krent
Jay Kraning
Lori G. Martin
HODGES, LOIZZI, EISENHAMMER,
  RODICK & KOHN LLP
3030 Salt Creek Lane, Suite 202
Arlington Heights, Illinois 60005
phone (847) 670-9000
fax (847) 670-7334
nkrent@hlerk.com
jkraning@hlerk.com
lmartin@hlerk.com

## CERTIFICATE OF SERVICE

I, Lori G. Martin, an attorney, hereby certify that a true and correct copy of the foregoing Defendant Midland School District No. 7's Memorandum of Law in Support of Its Motion to Dismiss Counts IV, V and VI and to Strike Portions of Plaintiffs' Third Amended Complaint was served on the 26th day of August, 2010, by transmitting the same electronically to the Clerk of Court, in accordance with Fed. R. Civ. P. 5(b)(2)(D), LR5.3 and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

By:  /s/ Lori G. Martin
One of the Attorneys for Defendant

Nancy Fredman Krent
Jay Kraning
Lori G. Martin
HODGES, LOIZZI, EISENHAMMER,
  RODICK & KOHN LLP
3030 Salt Creek Lane, Suite 202
Arlington Heights, IL  60005
(847) 670-9000 (phone)
(847) 670-7334 (fax)
nkrent@hlerk.com
jkraning@hlerk.com
lmartin@hlerk.com

187030_3.DOC