IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MINOR T.G., a minor student, by Mr. & Mrs. T.G., as Parents & Next Friend, and Each Individually,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND SCHOOL DISTRICT 7, & ILLINOIS STATE BOARD OF EDUCATION, ET. AL.<br><br>Defendants. | Case No.:  09 CV 1392<br>District Judge Joe Billy McDade<br>Magistrate Judge John A. Gorman |

### DEFENDANT MIDLAND SCHOOL DISTRICT NO. 7'S
### MOTION TO STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT

The Defendant, **BOARD OF EDUCATION OF MIDLAND SCHOOL DISTRICT NO. 7, MARSHALL COUNTY, ILLINOIS** ("District"), by and through its legal counsel, hereby moves to strike Plaintiffs' fourth amended complaint.  The remaining defendants, the Illinois State Board of Education and its Superintendent, Chris Koch, join in this motion.

Plaintiffs have filed their fourth amended complaint in violation of F.R.C.P. 15 (a)(2). Plaintiffs were required, by Rule 15, to seek written consent from the defendants, or leave of court, to amend their complaint.  They have done neither.  For this reason alone, the amended complaint must be dismissed.  Furthermore, even if plaintiffs now seek leave of court, such leave should be denied as it would cause undue delay, and prevent this matter from moving forward for decision in a timely and reasonable manner.  Plaintiffs have repeatedly filed amended

complaints, which has prevented this Court from ruling on the substance of Defendants' motions to dismiss. As these motions have made clear, Plaintiffs have filed numerous unsupported claims, which should be dismissed so that this matter can move forward to resolution. It has been almost ten months since Plaintiffs filed their initial complaint, and this case should be moved beyond the pleading stage. If this fourth amended complaint is allowed, this case will be more than a year old before that can happen, as the fourth amended complaint suffers many of the same defects as the first three versions of the complaint had.

## I.     INTRODUCTION

Plaintiffs filed their initial complaint against the District and the Illinois State Board of Education ("ISBE") on November 24, 2009; however, Plaintiffs did not serve the District or seek waiver of service until several months later. Once the Plaintiffs asked for the waiver, the District agreed and had until May 10, 2010, to file its answer to the initial complaint. Hours before the District filed its answer, Plaintiffs filed an amended complaint pursuant to Rule 15(a)(1) of the *Federal Rules of Civil Procedure.* Since that time, Plaintiffs have twice more moved for leave to file amended complaints on the day their replies to the District's motions to dismiss were due to be filed. This time, on the day their reply was due, they simply filed another amended complaint without seeking leave of court.

## II.    ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) clearly states that, once responsive pleadings have been filed, a party is required to obtain written consent from the defendants, or an order granting leave of court, before filing an amended complaint. The Plaintiffs have simply disregarded this rule, and the amended complaint must therefore be dismissed.

Even if the Plaintiffs belatedly file a motion seeking such leave, that motion should, in the interests of judgment, be denied. The court has discretion to grant a plaintiff's motion to amend a complaint and such amendments should be granted freely "when justice so requires." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). However, motions to amend are to be denied when the motion is being requested because of undue delay, bad faith, dilatory motive, futility, or prejudice to the non-moving party. <u>Id</u>. In <u>Gen. Electric Corp. v. Lease Resolution Corp.</u>, 128 F.3d 1074, 1085 (7th Cir. 1997), the Seventh Circuit affirmed a decision by the District Court to deny the plaintiff's motion for leave to file a fifth amended complaint. The Court found that, because the plaintiff had already been offered multiple opportunities to file a complaint that stated a claim upon which relief could be granted, it would be futile to allow plaintiff yet another opportunity to try to do so.

In this case, these Plaintiffs have a consistent pattern of filing amended complaints that are plainly deficient as a matter of law regarding their Section 1983 claims. Then, when the District files a properly supported motion to dismiss, Plaintiffs withdraw their legally deficient complaint and file another, similarly legally deficient complaint in its place. This has required the District to expend significant attorneys' fees without being able to reach resolution on any of the substantive grounds for its challenges. Like the plaintiffs in <u>GE Corp.</u>, Plaintiffs need not be given another chance to do this.

Furthermore, Plaintiffs' pattern of filing and withdrawing complaints has caused unreasonable delay in this case. Plaintiffs initially filed their complaint almost ten months ago, and this case has still not moved beyond the initial pleading stage. At the heart of this dispute is a special education matter which was decided by a hearing officer more than a year ago, and the parents' challenge grows increasingly stale as they try repeatedly to add unsupported Section

1983 claims to this matter or allege facts well beyond the statutory timeframe of their complaint on issues never litigated at the administrative stage. The District seeks to have the underlying matter heard, and the hearing officer's decision affirmed, so that this matter can be put to rest.

Accordingly, the District asks that this Court deny Plaintiffs' motion for leave to file a fourth amended complaint.

### III.   CONCLUSION

**WHEREFORE,** the Defendant, BOARD OF EDUCATION OF MIDLAND SCHOOL DISTRICT NO. 7, MARSHALL COUNTY, ILLINOIS, joined by its co-defendants the Illinois State Board of Education and its Superintendent, Chris Koch, respectfully requests that this Honorable Court deny Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, award this Defendant its fees and costs incurred in defense of this matter, and such other relief as this Court deems just and equitable.

Respectfully Submitted,

BOARD OF EDUCATION OF
MIDLAND SCHOOL DISTRICT NO. 7,
MARSHALL COUNTY, ILLINOIS


By: /s/ Lori G. Martin
       One of its Attorneys

Nancy Fredman Krent
Jay Kraning
Lori G. Martin
HODGES, LOIZZI, EISENHAMMER,
 RODICK & KOHN LLP
3030 Salt Creek Lane, Suite 202
Arlington Heights, Illinois 60005
phone (847) 670-9000
fax (847) 670-7334
nkrent@hlerk.com
jkraning@hlerk.com
lmartin@hlerk.com

4

## CERTIFICATE OF SERVICE

      I, Lori G. Martin, an attorney, hereby certify that a true and correct copy of the foregoing Defendant Midland School District No. 7's Motion to Strike Plaintiffs' Fourth Amended Complaint was served on the 21st day of September, 2010, by transmitting the same electronically to the Clerk of Court, in accordance with Fed. R. Civ. P. 5(b)(2)(D), LR5.3 and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

                                             By:  /s/ Lori G. Martin
                                                        One of the Attorneys for Defendant

Nancy Fredman Krent
Jay Kraning
Lori G. Martin
HODGES, LOIZZI, EISENHAMMER,
  RODICK & KOHN LLP
3030 Salt Creek Lane, Suite 202
Arlington Heights, IL  60005
(847) 670-9000 (phone)
(847) 670-7334 (fax)
nkrent@hlerk.com
jkraning@hlerk.com
lmartin@hlerk.com

187632_4.DOC