## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MINOR T.G. as a minor student, by MR. & MRS. T.G., as Parents & Next Friend, and Each Individually<br><br>　　　　Plaintiffs,<br><br>　　　　　v.<br><br>MIDLAND SCHOOL DISTRICT 7, THE ILLINOIS STATE BOARD OF EDUCATION, & CHRIS KOCH, IN HIS OFFICIAL CAPACITY AS ISBE SUPERINTENDENT,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.   09-cv-1392<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## O R D E R  &  O P I N I O N

Before the Court are Defendants Illinois State Board of Education ("ISBE") and Chris Koch's ("Koch") Motion to Dismiss Plaintiff's Third Amended Complaint and Memorandum in Support (Docs. 69 & 70) and Defendant Midland School District No. 7's ("School District") Motion to Dismiss Counts IV, V, and VI and to Strike Portions of Plaintiff's Third Amended Complaint and Memorandum in Support (Docs. 73 & 74).  Plaintiff did not respond to these motions, but instead filed a Fourth Amended Complaint (Doc. 77), to which Defendant School District filed a Motion to Strike (Doc. 78), which Motion to Strike Defendants ISBE and Koch sought to adopt (Doc. 79).  Finally, Plaintiff filed a Motion for Leave to File her Fourth Amended Complaint (Doc. 80). For the reasons discussed below, Plaintiff's Motion for Leave to File is DENIED, Defendant ISBE and Koch's Motion to Adopt Defendant School District's Motion to Strike is GRANTED, Defendant School

District's Motion to Strike is GRANTED, Plaintiff's Fourth Amended Complaint is STRICKEN, Defendants ISBE and Koch's Motion to Dismiss is GRANTED, and Defendant School District's Motion to Dismiss Counts IV, V, and VI and to Strike Portions of Plaintiff's Third Amended Complaint is GRANTED.  The Court will first discuss why Plaintiff's Fourth Amended Complaint is stricken, and then analyze Defendants' substantive motions.

### PLAINTIFF'S FOURTH AMENDED COMPLAINT

Plaintiff filed her original Complaint in this matter on November 23, 2009. (Doc. 1).  On May 10, 2010, she filed her First Amended Complaint (Doc. 12).  On May 18, Defendants Illinois State Board of Education ("ISBE") and Chris Koch ("Koch") filed a Motion to Dismiss (Doc. 23); on May 27, Defendant Midland School District 7 ("School District") filed an Answer to the First Amended Complaint, a Motion to Dismiss Counts IV and V of the First Amended Complaint, and a Motion to Strike Portions of the First Amended Complaint (Docs. 26, 27, & 29). In response, on June 4, 2010, Plaintiff filed a Motion for Leave to File a Second Amended Complaint (Doc. 31), which was granted on June 7.  (Text Order of 6/7/2010). Pursuant to Local Rule 7.1(E), the filing of the Second Amended Complaint rendered Defendants' Motions to Dismiss and Strike moot.

On June 18, Defendants ISBE and Koch once again filed a Motion to Dismiss (Doc. 35); on June 21, Defendant School District filed an Answer and Motion to Dismiss Counts IV and V of the Second Amended Complaint (Docs. 38 & 39). Plaintiff sought several extensions of time to respond to these motions, which were granted, before moving for Leave to File a Third Amended Complaint on July 19,

2010. (Doc. 44). This Motion was granted on July 20, whereupon Plaintiff filed her Third Amended Complaint. (Text Order of 7/20/2010; Doc. 45). Defendants' Motions to Dismiss were once again rendered moot pursuant to Local Rule 7.1(E). (Text Order of 7/26/2010).

On August 24, 2010, Defendants ISBE and Koch filed a Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 69), their third such motion. Likewise, on August 26, 2010, Defendant School District filed its third round of responses with an Answer to Plaintiff's Amended Complaint, and a Motion to Dismiss Counts IV, V, and VI and Strike Portions of Plaintiff's Third Amended Complaint. (Docs. 72 and 73). On September 9, Plaintiff sought an extension of time to file a response to these motions, and was given until September 20 to respond. (Text Orders of 9/8/2010). On September 20, 2010, rather than filing a Response to Defendants' Motions to Dismiss, Plaintiff filed its Fourth Amended Complaint. (Doc. 77).

According to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of right, and "in all other cases *only with opposing party's written consent or the court's leave.*" (emphasis added). Pursuant to the Rule, the Seventh Circuit has held that "filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity." *Geitz v. Lane*, 946 F.2d 897 (7th Cir. 1991); *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985). Here, Plaintiff, prior to filing her Fourth Amended Complaint, did not seek leave of this Court to file another amended pleading, nor did she indicate that Defendants had consented thereto.

In her later filed Motion for Leave to File, Plaintiff seeks to be excused for not seeking the Court's leave before filing her Fourth Amended Complaint. (Doc. 80). However, the Court does not believe that leave to amend is warranted. While Rule 15 states that the Court should "freely give leave when justice so requires," the Supreme Court has held that leave may properly be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . futlility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff has already amended once as of right and been given leave to amend two more times, despite the fact that the Defendants have each time fully briefed answers and motions to dismiss. The Seventh Circuit has held that such repeated re-filing of amended complaints in the face of a defendant's motions to dismiss constitutes sufficient prejudice to deny leave. *See Wade v. Hopper*, 993 F.2d 1246 (7th Cir. 1993). Further, as purported by the Plaintiffs in their Third Amended Complaint, "this suit arises from the efforts of the parents of T.G., Mr. & Mrs. T.G. . . . to enforce their rights to a free, appropriate public education for T.G," to "enforce implementation" of an administrative decision regarding her educational needs, and to review whether that decision was entirely accurate. (Doc. 45 at 1-3). T.G. is currently 18 years old and is attending the 12th grade. (Doc. 45 at 5). If this Court's determination of this matter is to have any practical impact upon the educational needs of T.G., it must get past the initial pleading stage and to the merits of the administrative decision and implementation. If the Court were to once

again grant leave to amend, it would require greater delay and the Court may not reach the merits of this case until T.G. has finished her public education, rendering it moot.[1] Thus the Court also finds that granting leave to re-amend would cause undue delay.[2]

For the foregoing reasons, Defendant School District's Motion to Strike Plaintiff's Fourth Amended Complaint and Defendant ISBE and Koch's Motion to Adopt said Motion (Docs. 78 & 79) are GRANTED, Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. 80) is DENIED and Plaintiff's Fourth Amended Complaint (Doc. 77) is STRICKEN.  The Court also notes that accordingly, Plaintiff's time to respond to Defendants' Motions to Dismiss expired without any Response from Plaintiff.  According to Local Rule 7.1(B)(2), "if no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties."  Thus, the Court must now rule on Defendants' Unopposed Motions to Dismiss.

## BACKGROUND

Plaintiff is a minor disabled student within Defendant School District.  On October 16, 2007, Plaintiff filed a due process complaint with the ISBE pursuant to

---

[1] Further, Plaintiffs are not seeking to amend their claims regarding T.G.'s education in any substantial way.  In their Motion for Leave to File an Amended Complaint, Plaintiffs state that they needed to restructure their Complaint to respond to Defendants' arguments regarding their claims for retaliation and disability discrimination against the G. Family. (Doc. 80 at 2).  Because the Court does not believe that these claims are essential to the claims regarding T.G.'s education, there is no need to allow such an amendment at this time.

[2] The Court has difficulty understanding why, if Plaintiffs are truly seeking to ensure a proper education for their child, they are the party who has been dragging their feet in reaching the merits of this issue.

5

the Individuals with Disabilities Education Act as amended ("IDEA"), 20 U.S.C. § 1401 et. seq., and its accompanying regulations. (Doc. 45 at 14). The complaint alleged that Plaintiff was not receiving a free, appropriate public education ("FAPE"), and that the School District had discriminated against Plaintiff for the advocacy efforts of her family. (Doc. 45 at 14). On February 4, 2008, School District filed its own due process complaint, which was consolidated with Plaintiff's original complaint. (Doc. 45 at 15). On June 11, 2008, ISBE appointed Kristine L. Anderson as the Impartial Hearing Officer ("IHO") for this case, she was the third IHO appointed. (Doc. 45 at 14). A five day hearing was held in May and June of 2009, and the IHO issued her Final Order on July 25, 2009. (Doc. 45 at 15).

In her Third Amended Complaint, Plaintiff brings six counts against three Defendants, Koch (in his individual capacity and official capacity as superintendent of the ISBE), ISBE, and School District. The first three counts of Plaintiff's Complaint relate to the Final Order of the IHO. In Count I, Plaintiff brings an action pursuant to 42 U.S.C. § 1983, alleging that ISBE and/or Koch deprived Plaintiff of her rights pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution, IDEA, and other federal statutes, as well as the Illinois Constitution and statutes by failing to enforce the Final Order of the IHO. (Doc. 45 at 22-24). Plaintiff seeks, inter alia, a permanent injunction ordering ISBE to require full compliance with the IHO's Final Order where it found in Plaintiff's favor. In Count II, Plaintiff seeks partial review of the final administrative decision issued by the IHO; in Count III she seeks attorney's fees pursuant to IDEA. (Doc. 45 at 25-32).

The final three counts of Plaintiff's Complaint deal with alleged discrimination and retaliation against Plaintiff by the School District. Count IV alleges Disability Discrimination, Count V alleges retaliation for disability rights advocacy, and Count IV alleges the deprivation of Plaintiff's right to free speech via the School Districts retaliatory actions. (Doc. 45 at 32-37). As discussed above, all three Defendants have made motions to dismiss, to which Plaintiffs have failed to timely respond.

## LEGAL STANDARD

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (*citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (*quoting Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Still, "threadbare recitals of elements of a cause of action" that are only supported by legal conclusions are not sufficient, as they are not entitled to presumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

While the Court is entitled to summarily grant Defendant's unopposed motions to dismiss, *Hefley v. Davis,* No. 08-cv-172, 2008 WL 5114647 (N.D. Ill Dec.

2, 2008); *Sanders v. Town of Porter Police Dept.*, No. 05-cv-377, 2006 WL 2457251 (N.D. Ind. Aug. 22, 2006), it will nevertheless analyze the motions on their merits.

### DISCUSSION

I.  **Defendants ISBE and Koch's Motion to Dismiss**

Defendants ISBE and Koch have moved to dismiss Plaintiff's entire Third Amended Complaint against them pursuant to Rule 12(b)(6) for failure to state a claim. (Doc. 69). Defendants first argue that, to the extent Plaintiff seeks relief against Koch in his Individual Capacity, Koch should be dismissed because Plaintiff has failed to allege that Koch knew about the conduct of the ISBE and facilitated it, approved it, condoned it, or turned a blind eye to it. (Doc. 70 at 5). "An official satisfies the personal responsibility required of § 1983 if [he] acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at [his] direction or [with] his knowledge or consent." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1012 (7th Cir. 2000) (*quoting Smith v. Rowe*, 761 F.3d 360, 369 (7th Cir. 1985)). Because Plaintiff has put forward no allegations that Koch failed to act with deliberate or reckless disregard for Plaintiff's rights, or that any Constitutional violation occurred at his direction or with his knowledge or consent, Defendant Koch must be dismissed in his Individual Capacity.

Next, Defendants argue that to the extent Plaintiff seeks relief against ISBE or Koch in his Official Capacity pursuant to § 1983, neither meets the definition of "person". States, state agencies, and state officials being sued in their official capacity are not "persons" within the meaning of § 1983. *Will v. Michigan Dep't of*

8

*State Police*, 491 U.S. 58 (1989); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999) ("states and their agencies are not "persons" subject to suit under 42 U.S.C. § 1983."). While there is an exception for state officials being sued for injunctive relief, *Will*, 491 U.S. at 71 n. 10, Plaintiff does not seek any such injunctive relief from Koch in her Third Amended Complaint. (See Doc. 70 at 8 (noting that in paragraph B of Count I Plaintiff seeks to enjoin ISBE, not Koch). Because neither Koch nor ISBE fits the definition of "person" under § 1983, Plaintiff has failed to state any §1983 claim against them, and they must be dismissed from Counts I and II.[3]

With regards to Count III of the Plaintiff's Complaint, Defendants ISBE and Koch must be dismissed because they were not parties to the proceedings before the IHO, and therefore cannot be held liable for Plaintiff's attorney's fees incurred in connection with those proceedings. The only parties to the IHO due process hearing were Plaintiff and the School District. (Doc. 45 ex. 1 at 2); *see Reid v. Bd. of Educ., Lincolnshire-Prairie View School Dist. 103*, 765 F. Supp. 965, 969 (N.D. Ill. 1991) (noting that the ISBE could not be held liable for attorney's fees arising out of administrative proceedings because the only parties to those proceedings were plaintiff and the school district). Further, "that a plaintiff has prevailed against one party does not entitle him to fees from another party, let alone from a nonparty." *Kentucky v. Graham*, 473 U.S. 159, 168 (1985). Accordingly, because neither Koch

---

[3] Defendants also argue that even if ISBE and Koch could be construed as "persons" pursuant to §1983, Plaintiff has failed to plead a cognizable claim against them by failing to allege how they deprived Plaintiff of a right secured by the Constitution or federal law. Because the Court finds for Defendants on the merits of their first argument, it does not need to determine whether or not Plaintiff has properly pled such a deprivation.

nor ISBE were parties to the IHO proceedings, neither can be held liable for attorney's fees pursuant to 20 U.S.C. § 1415. Likewise, because neither Koch or ISBE remain parties to this proceeding, neither may be liable for this appeal. Therefore Defendant ISBE and Koch's Motion to Dismiss is GRANTED and both Koch and ISBE are DISMISSED from Counts I, II, and III.

## II. Defendant School District's Motion to Dismiss Counts IV, V, and VI

Defendant School District moves to dismiss Counts IV, V, and VI of Plaintiff's Complaint against it pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 73 at 1). According to Defendant School District, Plaintiffs have failed to allege any facts that would entitle them to relief because they have not alleged any governmental policy or custom to discriminate, and any harm from the alleged discrimination was *de minimis*. (Doc. 74).

To hold a municipal body, such as a school district, liable pursuant to § 1983, Plaintiff must allege that the body's official policy or custom was discriminatory. *Juniel v. Park Forest-Chicago Heights Sch. Dist. 163*, 176 F.Supp.2d 842, 848 (N.D. Ill. 2001) (*citing Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 736-37 (1989)). A "custom" or "policy" may be alleged in one of three ways: 1) the body has an "express policy that, when enforced, causes a constitutional deprivation;" 2) there is "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law;" or (3) a person with "final policymaking authority" has caused the constitutional injury. *Id.* at 849.

10

Plaintiff fails to allege any type of custom or policy in Counts IV-VI. Although Plaintiff alleges a wrongful act committed by Superintendent Siversten, it does not allege that he has any type of final policymaking authority with regards to what is placed on the District's website or presented at Board meetings. Because Plaintiff has not alleged any custom or policy on the part of the School District to discriminate against her, she has failed to state a cause of action against Defendant School District in Counts IV, V, and VI pursuant to § 1983.[4] Accordingly, Defendant School District's Motion to Dismiss Counts IV, V, and VI is GRANTED and Plaintiff's claims in those counts are DISMISSED WITHOUT PREJUDICE.[5]

III. **Defendant School District's Motion to Strike Paragraphs 58 Through 85, Paragraph 122, and Exhibit 3**

Finally, Defendant School District moves to Strike Paragraphs 58 through 85, Paragraph 122, and Exhibit 3 of Plaintiff's Third Amended Complaint as time-barred and thus immaterial pursuant to Federal Rule 12(f). (Doc. 74 at 8-9). The statute of "limitations period in a § 1983 case is governed by the personal injury laws in the state where the injury occurred." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). In Illinois, this results in a two-year statute of limitations. *Id.* The

---

[4] Defendant School District also argues that any alleged harm to Plaintiffs was *de minimis* and therefore Plaintiffs suffered no actual, cognizable, constitutional injury. Becaust the Court has found that Plaintiff has failed to plead municipal liability against the School District pursuant to § 1983, the Court need not reach this issue.

[5] The Court notes that Plaintiffs may be able to remedy some of these flaws as evidenced by their proffered Fourth Amended Complaint. Although the Court has rejected that Complaint in this action so that it may reach the merits of Plaintiffs' first three counts regarding the educational needs of Minor T.G., because it has dismissed Counts IV-VI without prejudice, Plaintiff is free to later bring such claims against the School District in a separate proceeding.

period begins to run on the day "the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (*quoting Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993).

Paragraphs 58 through 75 of Plaintiffs' Third Amended Complaint discuss alleged retaliation that occurred during 2002 and 2003. (Doc. 45). Further, it is clear that Plaintiffs knew their rights may be being violated at this time as they filed complaints with the Illinois Attorney General.[6] Likewise, paragraphs 76 through 85 discuss events that took place in 2005 and 2006, of which Plaintiffs were fully aware. Accordingly, any cause of action based upon these events would be barred by the two-year statute of limitations.

Although Plaintiffs may not sue for any alleged discrimination or retaliation that occurred from 2002 through 2006, they may be offering such facts to give context to their ongoing relationship with the School District, thus, arguably, making those facts material to a determination of whether discrimination and retaliation occurred in 2009. However, the Court finds that these facts are immaterial for another reason, namely because it is dismissing Plaintiff's retaliation and discrimination counts against the District for failure to state a claim. Because the only counts remaining have to do with the IHO decision and implementation, such facts are no longer relevant, and are accordingly STRICKEN pursuant to Rule 12(f).

---

[6] Plaintiff's Exhibit 3 corroborates these allegations and Paragraph 122 merely restates them.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File is DENIED, Defendant ISBE and Koch's Motion to Adopt Defendant School District's Motion to Strike is GRANTED, Defendant School District's Motion to Strike is GRANTED, Plaintiff's Fourth Amended Complaint is STRICKEN, Defendants ISBE and Koch's Motion to Dismiss is GRANTED, and Defendant School District's Motion to Dismiss Counts IV, V, and VI and to Strike Portions of Plaintiff's Third Amended Complaint is GRANTED.  Plaintiff's first three claims against the School District regarding the Final Order of the IHO, and the implementation thereof, remain before this Court. The matter is REFERRED back to Magistrate Judge Gorman for further pre-trial proceedings.  IT IS SO ORDERED.

Entered this <u>29th</u> day of September, 2010.

                                                      s/ Joe B. McDade
                                                     JOE BILLY McDADE
                                        United States Senior District Judge